[No. 140. Second Appellate District.—August 3, 1905.]

## T. J. WELDON, Respondent, v. RALPH ROGERS, Appellant.

DISTRICT COURTS OF APPEAL—JURISDICTION—TRANSFER TO SUPREME COURT.—An appeal involving the enforcement of a judgment for more than two thousand dollars is not within the jurisdiction of the district courts of appeal, and if taken thereto will be transferred to the supreme court, to which it should have been taken.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set aside an order for the enforcement of a judgment. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, Will D. Gould, and James H. Blanchard, for Appellant.

Louis Luckel, for Respondent.

SMITH, J.—Judgment was entered against the defendant, in favor of T. J. Weldon, April 2, 1891, for the sum of two thousand dollars, with interest at two per cent a month, from March 1, 1887, aggregating $3,960, and with costs, $3,979.15. Weldon died August 25, 1894; and on the tenth day of April, 1905, on the motion of Sophie B. Weldon, claiming to be executrix of the last will of the original plaintiff, then deceased, an order was made by the court below "that execution issue, and that the said judgment be enforced in favor of Sophie B. Weldon, executrix of the last will and testament of said T. J. Weldon, deceased, plaintiff herein, and against the defendant, Ralph Rogers, for the sum of $3,979.15, with interest from April 2nd, 1891, at the rate of seven per cent per annum, now amounting to $7,879.44." Thereupon a writ of execution was issued, but in whose name as plaintiff does not appear from the record before us. Nor does it appear that any order was made by the court at any time to revive the action in the name of the executrix. Thereafter, on the fourteenth day of April, 1905, after due notice, the defendant moved the court to set aside the order of April 10, 1905, and to quash the execution thereon issued; and the motion coming on to be heard on May 22, 1905, was denied by the court. From this order the defendant appealed,—giving only the undertaking provided for in section 941 of the Code of Civil Procedure,— and now, pending the appeal, moves the court for a writ of *supersedeas* directed to the lower court, "requiring said court and its officers to stay proceedings on the order made and entered in said court on the 10th day of April, 1905," etc., "and . . . on the writ of execution issued in pursuance of said order on said 10th day of April, 1905."

Upon this state of the case, it is clear—whether we have regard to the amount of the original judgment, or that involved in the order of April 10, 1905—that the appeal should have been taken to the supreme court. It only remains for us, therefore, under the provisions of the constitution, and rule XXXII of the supreme court, to transfer the case, together with the pending motion, to that court; and it is so ordered.

Gray, P. J., and Allen, J., concurred.